**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALEXANDER NUNEZ; et al., | No. 22-1409 |
| Petitioners, | Agency Nos.<br>A209-162-351 |
| v. | A209-162-331<br>A209-162-330 |
| MERRICK B. GARLAND, Attorney General, | A209-162-329 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:      CANBY, CALLAHAN, and OWENS, Circuit Judges.

Jorge Alexander Nunez, Zulma Carolina Salazar de Nunez, and their

children, natives and citizens of El Salvador, petition pro se for review of the

Board of Immigration Appeals' order affirming without opinion an immigration

judge's decision denying their applications for asylum, withholding of removal,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to establish they suffered harm that rises to the level of persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Because petitioners do not challenge the agency's determination that internal relocation would be reasonable, we do not address it.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Thus, petitioners' asylum and withholding of removal claims fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding nexus or the cognizability of their proposed particular social group.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection

because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**